UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIM TUCKER,<br><br>                        Plaintiff,<br><br>    v.<br><br>JOHN SCHWAN, et al.,<br><br>                        Defendants. | Case No. 2:18-cv-00514-RSM<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Tim Tucker has filed a breach of contract case and seeks leave to proceed *in forma pauperis* ("IFP"). Dkt. 4. Because plaintiff appears to have sufficient funds with which to pay the $400.00 court filing fee, the undersigned recommends the Court deny the IFP application.

## DISCUSSION

As a general rule, all parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. 28 U.S.C. § 1914(a). The Court may authorize the commencement of an action "without prepayment of fees and costs of security therefor, by a person who submits an affidavit that ... the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Therefore, an action may proceed despite a failure to prepay the filing fee only if leave to proceed IFP is granted by the Court. *See Rodriguez v. Cook*, 169 F.3d 1178, 1177 (9th Cir.1999).

REPORT AND RECOMMENDATION - 1

The Ninth Circuit has held "permission to proceed *in forma pauperis* is itself a matter of privilege and not a right; denial of an *informa pauperis* status does not violate the applicant's right to due process." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir.1984) (*citing Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir.1963)). In addition, the Court has broad discretion to grant or deny a motion to proceed IFP. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir.1990); *Weller*, 314 F.2d at 600-601.

By filing a request to proceed IFP, plaintiff is asking the government to incur the filing fee because he allegedly is unable to afford the costs necessary to proceed with his complaint. However, plaintiff's IFP application shows that he has net monthly income of over $3,000.00; annual income from rent, interest or dividends of "$26,400 + $3,000"; and $100,000 in checking and savings accounts. Dkt. 4 at 1-2. Thus, it is not unreasonable to expect plaintiff to pay the Court's $400.00 filing fee from his funds.

**CONCLUSION**

Because plaintiff appears to have sufficient funds to pay the filing fee, the undersigned recommends that the Court deny his IFP application (Dkt. 4) and that plaintiff be directed to pay the $400.00 filing fee.

Any objections to this Recommendation must be filed no later than **May 29, 2018**. The matter will be ready for the Court's consideration on **May 31, 2018** and the Clerk should so note the matter. Objections shall not exceed five pages. The failure to timely object may affect the right to appeal.

DATED this 8th day of May, 2018.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 2