UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIM TUCKER,<br><br>        Plaintiff,<br><br>    v.<br><br>JOHN SCHWAN, CTI Industries; STEPHEN MERRICK, CTI Industries; JEFF HYLAND, CTI Industries,<br><br>        Defendants. | CASE NO. C18-514 RSM<br><br>ORDER DENYING MOTION FOR DEFAULT JUDGMENT |

      This matter is before the Court on a letter from Plaintiff requesting that the Court "issue a default judgment on this case due to no response from any of the parties noted." Dkt. #11. The Court interprets the letter as a Motion for Default Judgment and, for the following reasons, denies the motion.

      Plaintiff initiated this action for "Breach of [a] written employment contract." Dkt. #7. Summonses were issued on August 1, 2018. On November 8, 2018, this Court issued an Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement. Dkt. #8. On December 26, 2018, Plaintiff filed affidavits of service showing that Defendants were each served by a private investigator serving "the summons on Frank Cesario, who is designated by law to accept

ORDER – 1

service of process on behalf of CTI Industries Corporation on 10/12/28." Dkt. #9 at 3–5. No Defendants appeared, and Plaintiff took no further action. When the parties failed to respond to the Court's initial deadlines, the Court issued a Minute Order requiring Plaintiff to show cause "on or before Friday, May 10, 2019, why this action should not be dismissed for failure to comply with the Court's previous Order." Dkt. #10. Plaintiff responded with his Motion for Default Judgment—a letter to the Court's Clerk. Dkt. #11.

Default and default judgment are governed by Federal Rule of Civil Procedure 55 and Local Civil Rule 55. Local Civil Rule 55 requires that "[n]o motion for judgment by default should be filed against any party unless the court has previously granted a motion for default against that party pursuant to LCR 55(a) or unless default otherwise has been entered." LCR 55(b). Local Civil Rule 55(a) further requires, in part:

> Upon motion by a party noted in accordance with LCR 7(d)(1) and supported by affidavit or otherwise, the clerk shall enter the default of any party against whom a judgment for affirmative relief is sought but who has failed to plead or otherwise defend. The affidavit shall specifically show that the defaulting party was served in a manner authorized by [Federal Rule of Civil Procedure 4].

LCR 55(a).

Review of the record indicates that Plaintiff has not previously sought default against any Defendant, the Court has not granted any motion for default, default has not otherwise been entered against any Defendant, and Plaintiff has not demonstrated that default is appropriate. Accordingly, Plaintiff's Motion for Default Judgment (Dkt. #11) is DENIED.

DATED this 20th day of June 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 2