UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIM TUCKER, | CASE NO. C18-514 RSM |
| Plaintiff, | ORDER |
| v. | |
| JOHN SCHWAN, CTI Industries; STEPHEN MERRICK, CTI Industries; JEFF HYLAND, CTI Industries, | |
| Defendants. | |

This matter is before the Court sua sponte. On May 26, 2020, the Court entered an Order dismissing this action without prejudice due to Plaintiff's failure to prosecute. Dkt. #14. The Court recounts the relevant history leading to that Order.

Plaintiff's action was filed on March 30, 2018. Dkt. #1. On November 8, 2018, the Court entered an Order Regarding Initial Disclosures, Join Status Report, and Early Settlement. Dkt. #8. That Order required the parties to file a "Combined Joint Status Report and Discovery Plan as Required by FRCP 26(f) and Local Civil Rule 26(f)" by December 20, 2018. *Id.* No report was filed, and, on April 17, 2019, the Court issued a minute order directing Plaintiff to show cause why the action should not be dismissed for failure to comply with the Court's deadlines. Dkt. #10. Plaintiff responded by sending a letter to the Court Clerk that the Court construed as

ORDER – 1

a motion for default judgment. Dkt. #11. On June 20, 2019, the Court denied Plaintiff's "request to issue a default judgment in this case" because no order of default had been previously entered. Dkt. #12. Plaintiff did not pursue an order of default or take any further action. On May 4, 2020, the Court entered another minute order directing Plaintiff "to show cause by May 22, 2020, why this action should not be dismissed for failure to prosecute." Dkt. #13. After no response was docketed, the Court entered an order of dismissal on May 26, 2020. Dkt. #14.

On May 26, 2020, the Court Clerk received a letter from Plaintiff in response to the Court's order to show cause. Dkt. #15. The letter appears to have been written on May 19, 2020, and mailed on May 22, 2020, but was not docketed until May 29, 2020. *Id.* Therein, Plaintiff indicates that he has "done everything possible to resolve this issue with CTI Corporation."[1] *Id.* Plaintiff further included "a document which shows the majority of my efforts to contact John Schwan as well as several others in the organization to resolve this dispute." *Id.* Plaintiff requested that the Court "consider this a valiant effort in order to recover monies due me from the written contract I had with John Schwan of CTI Industries." *Id.*

The Court presumes the late docketing of Plaintiff's letter was likely due to delays caused by the COVID-19 pandemic. Having already dismissed the action, the Court now construes Plaintiff's later docketed letter as a motion for reconsideration.[2] The Court finds that

---

[1] Plaintiff never made CTI Corporation a defendant to this action.

[2] The Court further notes a June 3, 2020 docket entry indicating:

> Clerk received phone call today from Plaintiff regarding his [Dkt. #15] Response to the [Dkt. #13] Minute Order to Show Cause. Mr. Tucker's response was mailed on 5/22/2020, received at the Court on 5/26/2020, and posted to the docket on 5/29/2020 which is the same day the [Dkt. #14] Order of Dismissal was entered. Clerk advised Mr. Tucker that chambers would be notified of the delay in posting his response to the docket. Mr. Tucker is sending a letter regarding this situation in today's mail. (PM)

ORDER – 2

reconsideration of its May 26, 2020 Order dismissing the case is appropriate in light of Plaintiff's letter. LCR 7(h)(1) (reconsideration appropriate where "a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence").

However, nothing in Plaintiff's letter alters the conclusion that Plaintiff has failed to prosecute this action. Plaintiff does not explain or justify his failure to prosecute the case. Rather, Plaintiff indicates that he has "done everything possible to resolve this issue." Dkt. #15. The Court notes that Plaintiff is proceeding pro se and is not an attorney. But the Court also notes that Plaintiff has never filed a motion[3] seeking relief from the Court, does not appear to have familiarized himself with the law, procedures, or rules that govern his action, and does not appear inclined to take further action. The fact remains that, despite the Court thrice prompting Plaintiff to act, Plaintiff has not done anything to advance his action towards resolution.

Having considered the Court's May 26, 2020 Order in light of Plaintiff's letter response, the Court finds and ORDERS that nothing warrants alteration of the Court's prior order of dismissal and, accordingly, Plaintiff's letter motion for reconsideration (Dkt. #15) is DENIED. This matter remains CLOSED. The Clerk shall mail a copy of this Order to Plaintiff.

DATED this 17th day of June, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

The Clerk does not appear to have received further correspondence from Plaintiff as indicated. The Court's email orders box did receive an unsigned draft letter from Plaintiff, but that draft letter was never filed in this action.

[3] Plaintiff's sole substantive filing is three "proof of service" forms indicating that Plaintiff served each Defendant by serving Frank Cesario, an employee of CTI Industries Corporation. Dkt. #9 at 3–5. Plaintiff has never established that service on Mr. Cesario was proper service of the individual Defendants.

ORDER – 3